# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

**CONCISE SUMMARY OF THE CASE**

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within **14** days of the date of docketing of the Notice of Appeal. Total statement is limited to no more than 2 pages, single-spaced. Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.

SHORT
CAPTION:_____
USCA NO.: _____

LOWER COURT or AGENCY and DOCKET NUMBER:
_____

NAME OF
JUDGE:_____

Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:

LIST and **ATTACH** a copy of each order, judgment, decision or opinion which is involved in this appeal. If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.

CONCISE SUMMARY OF THE CASE (cont.)

Provide a short statement of the factual and procedural background which you consider important to this appeal:

During the first month of the Plaintiffs' chapter 7 bankruptcy case, the Defendants transmitted letters to the Plaintiff's counsel alleging that Defendants were contemplating bringing a non-dischargeability action against the Plaintiffs. The letters each included a document that appeared to be a subpoena (the "Subpoenas") commanding their appearance at Weinstein & Riley's offices in New York. The Subpoenas were intentionally misleading and improper in numerous respects. Notably, the Subpoeanas falsely stated that the Defendants had served the Plaintiffs directly. The District Court dismissed the Plaintiff's case for failure to state a claim and the Third Circuit reversed that decision on appeal. On remand, the parties agreed to file cross-motions for summary judgment. The District Court granted the Defendants' motions and held that the Defendants' false statement was subject to a "competent attorney" standard rather than the "least sophisticated debtor" standard.

Identify the issues to be raised on appeal:

Whether communications that are intentionally false, deceptive or misleading are subject to a "competent attorney" standard when such communications are made to a consumer's attorney.

This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record this 30th day of June, 2015.

/s/ Andy Winchell

Signature of Counsel

Rev. 04/2010